**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**KIMBERLEY D. BRANTLEY,**
**Administratrix of the Estate of**
**Benjamin Brantley, deceased** **PLAINTIFF**

**v.** **No. 3:16-cv-352 DPM**

**UPS GROUND FREIGHT, INC.;**
**OPTIMUM STAFFING, INC., doing**
**business as Optimum Logistic**
**Solutions; ROBERT L. WOODALL;**
**and JOHN DOES 1-6** **DEFENDANTS**

**ORDER**

The Court appreciates the parties' proposed protective order. Please make the changes noted on the attached draft and send a clean draft for final review and entry.

So Ordered.

D.P. Marshall Jr.
D.P. Marshall Jr.
United States District Judge

15 September 2017

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| **KIMBERLY D. BRANTLEY, Administratrix of the ESTATE OF BENJAMIN BRANTLEY, Deceased,** | ) | |
| **Plaintiff,** | ) | **Case No. 3:16-cv-00352 DPM/JJV** |
| **vs.** | ) | |
| **UPS GROUND FREIGHT, INC.. OPTIMUM STAFFING, INC., d/b/a OPTIMUM LOGISTICS SOLUTIONS, ROBERT L. WOODALL and JOHN DOES 1-6,** | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

**STIPULATED CONFIDENTIALITY ORDER**

All parties (the "Parties") in the above-captioned litigation (the "Action"), by and through their undersigned counsel of record, have represented to the Court and the Court hereby finds that:

A. The Parties anticipate the need for discovery, including the production of certain documents, data, and other materials and information, the answering of interrogatories, requests for production and requests for admission, and the taking of testimony by oral and/or video deposition from each other and from third persons;

B. Some information sought and to be produced by the Parties during discovery likely will represent or contain personal health information and/or confidential/proprietary research, development, financial, technical, or commercial information, including internal policies and procedures developed by and/or for one or more particular parties to this

With the parties' agreement, and pursuant to Federal Rule of Civil Procedure 26(c), the Court orders:

Action within the scope and meaning of Fed. R. Civ. P. 26(c)(1)(G); and

C. The need for prompt and orderly discovery in this proceeding may make it impossible or impracticable for the Parties to ensure that their rights under Fed. R. Civ. P. 26(c)(1)(G) are fully protected at the time that discovery material is produced or disclosed absent an Order from the Court to protect the confidentiality of the materials and information likely to be produced in this Action.

ACCORDINGLY, the Court finding good cause for entry of this Protective Order,

IT IS HEREBY ORDERED that each Party to this Action, and anyone else who may subsequently subscribe to this Agreed Protective Order (by execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit A), agrees with and is Ordered by the Court as follows:

1. Discovery Material. "Discovery Material," as used herein, shall refer to:

(a) all depositions, video depositions, or otherwise transcribed hearing testimony of the Parties; however, the marking of such deposition and/or testimony as "CONFIDENTIAL" shall be limited to areas that specifically quote or discuss areas of "CONFIDENTIAL" testimony or that include the marking of exhibits that are "CONFIDENTIAL;"

(b) all documents and other discovery materials produced by any Party (i) in response to any discovery request or initial disclosure requirement, (ii) pursuant to any Order of the Court, or (iii) pursuant to any agreement of the Parties;

(c) all depositions, video depositions, or transcribed hearing testimony of any person or entity that is not a party to the action (a "Non-Party"), including but not limited to employees, agents, and/or representatives of parties to this Action who are not themselves named parties; and,

(d) all documents or other information submitted or produced by any Non-Party (i) in response to any subpoena issued in connection with or arising from this action, (ii) pursuant to any Order of the Court, or (iii) pursuant to any agreement with the Parties, or with any Party.

2. Scope. All Discovery Material disclosed by the Parties and by any Non-Parties

to the Action shall be handled by the Parties in accordance with this Stipulated Confidentiality Order (the "Order"). This Order does not affect the rights of the Party producing or disclosing Discovery Material to the use of any Discovery Material it has produced or disclosed.

3. Confidentiality Designation. Any Party producing Discovery Material may designate it with the legend "CONFIDENTIAL." Such a designation may also be made in the course of depositions or hearings. All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) actual confidential, proprietary or sensitive business, personal or financial information, or (b) information subject to a legally protected right of privacy, including personal health information.

4. Undertaking. Discovery Material that a party to this Action marks as "CONFIDENTIAL" shall be held in confidence by each person to whom they are disclosed according to the procedures set forth in this Order; shall be used only for purposes of case preparation and at depositions, hearing(s), and trial in this Action and no other; shall not be used for any business or commercial purpose; and shall not be disclosed to any person not defined as a Qualified Person herein. Discovery Material so marked shall be carefully maintained in secure facilities and access to such Discovery Material shall be permitted only to Qualified Persons properly having access thereto under the terms of this Order. Only Discovery Material identified as "CONFIDENTIAL" is to be deemed "CONFIDENTIAL." Discovery Material not identified as "CONFIDENTIAL" shall not be deemed "CONFIDENTIAL" and need not be kept, maintained, or segregated as required herein.

5. Manner of Designation.

a. The designation of Discovery Material as "CONFIDENTIAL" shall be

made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" on all pages or any part of the document or thing. In the event the phrase "CONFIDENTIAL" cannot be affixed to Discovery Material, the producing party shall clearly describe the "CONFIDENTIAL" portion of said Discovery Material in writing to all Parties.

b. Unless otherwise designated at a deposition or hearing, all deposition and hearing transcripts in this Action shall be treated by all Parties as provisionally protected as "CONFIDENTIAL" for a period of fourteen (14) calendar days following receipt of the transcripts. Within the fourteen (14)-day period, any Party may designate particular portions of a transcript as "CONFIDENTIAL" by giving written notice of such designation to every other Party to the action. At the conclusion of the fourteen (14) day period, any testimony not designated as "CONFIDENTIAL" shall lose its "CONFIDENTIALITY" designation. It shall not be appropriate for all of any particular deposition testimony to be marked as "CONFIDENTIAL" as the Parties agree that only specific portions of the deposition or hearing testimony that include direct discussion, quotations, or attaching as exhibits of "CONFIDENTIAL" Discovery Material should be so designated.

6. Use of and Access to Confidential Information. Except as set forth herein or in any subsequent Order or by express written consent of counsel of record, no Discovery Material designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than "Qualified Persons," defined as follows:

(a) The Court, or any Court personnel;

(b) Court Reporters employed in connection with this Action;

(c) Counsel for the parties in this Action and other attorneys, paralegals, law clerks, assistants or clerical staff working with those attorneys;

(d) (1) Any person identified from the four corners of the Discovery Material as having authored or previously received the Discovery Material; (2) any Party to this Action; and (3) any non-Party witness at a deposition, hearing, or trial, if it appears from the face of the Discovery Material to have been used by the witness, received by the witness, or properly communicated to the witness, provided that said witness has executed the CONFIDENTIALITY UNDERTAKING attached ~~hereto~~ as Exhibit A;

(e) Any Technical Advisor and Technical Advisor's assistant or staff retained by any Party for the purposes of this Action (who shall not be an employee of or a non-litigation consultant to a Party), provided that ~~said Technical Advisors have~~ [the person has] executed the CONFIDENTIALITY UNDERTAKING attached ~~hereto~~ as Exhibit A;

(f) Physicians, consultants, or experts retained by the Parties, or the Parties' counsel, and the employees of ~~such~~ [the] consultants or experts, only to the extent reasonably necessary for the prosecution or defense of this Action, provided that ~~such~~ [the] consultant or expert has been informed of this Protective Order and has executed the CONFIDENTIALITY UNDERTAKING attached ~~hereto~~ as Exhibit A.

7. Filing Procedures.

~~a. Any Party wishing to file any transcript, chart, brief, affidavit, motion or other document containing or referring to the content of Discovery Material designated as "CONFIDENTIAL" shall file the transcript, chart, brief, affidavit, motion, and/or other document under seal. Any such transcript, chart, brief, affidavit, motion or other documents will not be automatically sealed. Instead, the filing Party shall file under seal in accordance with applicable law, including the ECF Policies and Procedures of this Court.~~

~~b. Pursuant to Fed. R. Civ. P. 5.2, unless the Court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the~~

[Discovery Material designated as "CONFIDENTIAL" shall not be filed on the public docket. If practicable, it shall be redacted. If redaction is impractical, a party must move for permission to file under seal any "CONFIDENTIAL" material and any related motion, brief, or paper containing that material.]

year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number. The Parties agree to otherwise comply with the requirements of Fed. R. Civ. P. 5.2 in any court filing.

8. Challenging Confidential Designation. A Party may oppose the designation of protected material at any time before trial in this matter. The Party opposed to the designation shall notify the designating Party or producing Party of the disagreement and attempt to resolve the matter through an in person meet and confer. If the matter cannot be resolved, the opposing Party shall follow the procedures in the Final Scheduling Order for a Discovery Dispute to challenge the designation, found at pages 2-3 of the Final Scheduling Order (D.E. 33). Until the matter is resolved by the Court, all documents and materials with which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing or designating Party as prescribed in this Order. Upon request, the Court may at any time examine and review in camera any document governed by the terms of this Order. The Parties shall take all reasonable efforts to resolve any such disputes.

9. Inadvertent Production of Confidential Documents. This provision is meant to track Federal Rule of Evidence 502(b). The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. In each such case, the designating person shall provide to all other Parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this

paragraph. Upon demand of the producing Party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing Party.

10. Limitations to Application. The restrictions set forth herein with respect to Discovery Material designated as "CONFIDENTIAL" shall not apply to:

a. Any information, document, or thing which at the time of disclosure to a receiving Party is in the public domain;

b. Any information, document, or thing which after disclosure to a receiving Party becomes part of the public domain as a result of publication not involving a violation of this Order;

c. Any information, document, or thing which a receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing Party; or

d. Any information, documents, or things which a receiving Party created from memory or from sources other than the other Party.

11. Consent. Each Party consents to the submission of this Order to the Court to be "So Ordered," at any time during this Action. Once the Order is submitted to the Court, the Parties shall fully abide by its terms until it is entered by the Court.

12. No Waiver. Nothing contained in this Order shall be deemed a waiver of any privilege or immunity or to affect in any way the admissibility of any document, testimony, or other evidence at trial. The provisions of this Order are without prejudice to the right of any Party or other person to seek other or additional protection from the Court for any

documents or information that such person believes may not be adequately protected by the provisions of this Order.

13. Use of Information. Nothing in this Order shall be construed to limit the Parties' use of "CONFIDENTIAL" Discovery Material in the Action in any manner consistent with ~~the above,~~ this Order, or to preclude the Parties from raising valid objections, other than confidentiality, with respect to production ~~and/~~or disclosure of any Discovery Material.

14. Notice of Demand for Production. Nothing in this Order shall prevent any Party from producing any "CONFIDENTIAL" Discovery Material in its possession to a governmental department or agency in response to a lawful subpoena or other compulsory process of such department or agency; provided that any Party receiving a subpoena calling for "CONFIDENTIAL" Discovery Material or other compulsory process shall give the other Party at least seven ~~(7)~~ business days' notice prior to the return date or, if the subpoena or process has a return date within fewer than seven ~~(7)~~ business days, written or telephonic notice shall be given as soon as possible and in any event no later than forty-eight ~~(48)~~ hours ~~prior to~~ before the return date.

15. Modification of Order. Nothing in this Order shall preclude any modification of this Order by written agreement of the Parties, or shall preclude either Party from applying to this Court for an Order modifying this Order. ~~in the event that the Order is filed with the Court at any time during the pendency of the Action.~~

16. Final Disposition. Within ninety ~~(90)~~ days of the conclusion of this Action, including any appeals, all "CONFIDENTIAL" information furnished pursuant to the terms of this Order, and any notes reflecting "CONFIDENTIAL" information, and all copies ~~thereof,~~ which are not in the custody of the Court, shall be returned to the Party furnishing that

information or be destroyed (and certified by affidavit as having been destroyed) by the Party ~~and/~~or Qualified Person in possession ~~thereof.~~ of the material.

17. Duration. This Court shall have jurisdiction to enforce this Order during this case and for one year after it ends, including any appeals. Thereafter, this Order shall be solely a matter of contract between the parties and Qualified Persons.

~~IT IS SO~~ **ORDERED.** ~~this ___ day of August, 2017.~~

______________________________

HON. D.P. MARSHALL, JR.
UNITED STATES DISTRICT JUDGE

________________

**AGREED TO BY:**

______________________________

Bobby McDaniel, Esq.
McDaniel Law Firm
400 S. Main Street
Jonesboro, AR 72401-2976
*Attorney for the Plaintiff*

______________________________

Robert A. Cox, Esq.
Ronna D. Kinsella, Esq.
Glassman, Wyatt, Tuttle & Cox, P.C.
26 North Second Street
Memphis, TN 28103

Roman Galas, Esq. (PHV)
Christopher Lucca, Esq. (PHV)
William Kirby, Esq. (PHV)
ANSA ASSUNCACO
Four Penn Center, Ste. 900
1600 JFK Blvd.
Philadelphia, PA 19103
*Attorneys for Defendant UPS Ground Freight, Inc.*

______________________________

James C. Baker, Esq.
Jamie Huffman Jones, Esq.
Friday, Eldredge & Clark, LLP
400 West Capitol Ave., Ste. 2000
Little Rock, AR 72201-3522
*Attorneys for Defendants Optimum Staffing, Inc. and Robert Woodall*

**EXHIBIT A**

**CONFIDENTIALITY UNDERTAKING**

I, ____________________, hereby acknowledge that I have read the foregoing Stipulation and Order of Confidentiality (the "Order"), in the action captioned Kimberly Brantley, Administratrix of the Estate of Benjamin Brantley, Deceased v. UPS Ground Freight, Inc., Optimum Staffing, Inc. d/b/a Optimum Logistic Solutions, Robert L. Woodall, and John Does 1-6, Case No. 3:16-cv-352-DPM, now pending in the United States District Court for the Eastern District of Arkansas, Jonesboro Division, and understand the terms thereof.

I agree (i) that I will not use the CONFIDENTIAL Discovery Material as such term is defined in the Order for any purpose other than in connection with the prosecution or defense of the Action; (ii) that I will not further disclose or disseminate the confidential Discovery Material except in testimony taken in the Action; and, (iii) that I will otherwise comply with the terms of the Order.

I will return to counsel at the conclusion of my involvement in the Action, or at the conclusion of the Action, whichever is earlier, all CONFIDENTIAL Discovery Material that has been provided to me and all copies thereof, and I shall not make any copies of CONFIDENTIAL Discovery Material except as is necessary in connection with my participation in the Action.

Dated: ______________________________

______________________________
Signature

______________________________
Print Name

______________________________
Address

______________________________
Address