IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| KIMBERLY D. BRANTLEY, ADMINISTRATRIX OF THE ESTATE OF BENJAMIN BRANTLEY, DECEASED | § § § § | |
| | § | Civil Action No. 3:16-CV-352DPM |
| Plaintiff | § § | |
| vs. | § § | |
| UPS GROUND FREIGHT, INC.; OPTIMUM STAFFING, INC. d/b/a OPTIMUM LOGISTIC SOLUTIONS; ROBERT L. WOODALL and JOHN DOES 1-6 | § § § § § § | |
| Defendants | § § | |

## PROTECTIVE ORDER

With the parties' agreement, and pursuant to Federal Rule of Civil Procedure 26(c), the Court orders:

1. Defendants Optimum Staffing, Inc. and Robert L. Woodall ("Defendants") served The Second Set of Interrogatories and Requests for Production of Documents upon Jimmy "Ronnie" Brantley, Kimberley Brantley, Danielle Brantley, and Kaylin Brantley, which includes interrogatories regarding healthcare history and a request for production for a medical authorization.

2. Jimmy "Ronnie" Brantley, Kimberley Brantley, Danielle Brantley, and Kaylin Brantley have objected to the Second Set of Interrogatories and Requests for Production of Documents.

1

3. Counsel have conferred in good faith and in order to avoid the need for a motion, the parties, by and through their undersigned attorneys of record, hereby stipulate and agree as stated herein.

4. Jimmy "Ronnie" Brantley, Kimberley Brantley, Danielle Brantley, and Kaylin Brantley will provide supplemental responses, including providing their medical care history and the authorization presented by Defendants. Jimmy "Ronnie" Brantley, Kimberley Brantley, Danielle Brantley, and Kaylin Brantley reserve all objections as to the admissibility of these records or history.

5. Defendants will produce all records obtained from this authorization to counsel for Jimmy "Ronnie" Brantley, Kimberley Brantley, Danielle Brantley, Kaylin Brantley and UPS.

6. Defendants will deem the records obtained from the medical authorization as CONFIDENTIAL INFORMATION—SUBJECT TO PROTECTIVE ORDER and will maintain the records in a safe and secure manner and will treat the records obtained from the medical authorization as ATTORNEY EYES ONLY, meaning that the records will be seen only by counsel and counsel's staff at their respective law offices. The CONFIDENTIAL INFORMATION shall not be used or disclosed for any purpose other than the preparation and trial of this case and in any appeal taken from any judgment herein.

7. Defendants will disclose to Plaintiff's counsel by reference to Bates Label Number any record they believe are admissible in this litigation. If after a good faith conferral with counsel, Jimmy "Ronnie" Brantley, Kimberley

Brantley, Danielle Brantley, and Kaylin Brantley continue to object to the admissibility of the record identified by Defendants, then the parties must attempt in good faith to resolve the issue. If the parties can't resolve the dispute, they must file a joint report pursuant to the Final Scheduling Order, № 97 at 3.

8. CONFIDENTIAL INFORMATION will not be filed on the public docket. If practicable, it shall be redacted. FED. R. CIV. P. 5.2. If redaction is impracticable, a party must move for permission to file under seal any confidential information and related motion, brief, or paper containing that material. The moving party must justify its sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

9. Defendants will return all CONFIDENTIAL INFORMATION to Plaintiff's counsel (unless ruled admissible by this Court) within 45 days of the conclusion of this litigation. This Court hereby retains and shall have continuing jurisdiction for one year over each and every person who receives copies of Confidential Documents, Materials or other Information hereunder for enforcement of the provisions of this Order following termination of this litigation. Consent to the continuing personal jurisdiction of this Court for enforcement of this Order shall be deemed given by any person receiving confidential documents or information hereunder. This continuing jurisdiction shall expire one year after this case ends, including any appeal. Thereafter, the obligations imposed shall be solely a matter of contract between the parties.

IT IS SO ORDERED on this 21st day of February, 2018.

_____
D.P. Marshall Jr.
United States District Judge

4