IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KIMBERLEY D. BRANTLEY, ADMINISTRATRIX OF THE ESTATE OF BENJAMIN BRANTLEY, DECEASED — PLAINTIFF

V. CASE NO. 3:16-CV-352 (DPM)

UPS GROUND FREIGHT, INC.; OPTIMUM STAFFING, INC. d/b/a OPTIMUM LOGISTIC SOLUTIONS; ROBERT L. WOODALL and JOHN DOES 1-6 — DEFENDANTS

# REPLY TO OSI and WOODALL'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE PORTIONS OF THE OPINIONS OF GARY T. SOUHEAVER, Ph.D., ABPP

Plaintiff Kimberley D. Brantley, Administratrix of the Estate of Benjamin Brantley, deceased, by and through undersigned counsel, hereby serves her Reply to OSI and Woodall's Response to her motion *in limine* seeking an order excluding the inadmissible portions of the opinions of Gary Souheaver, Ph.D., ABPP; specifically, her request that the Court prohibit Dr. Souheaver from (1) offering any testimony related to his conclusion that he "cannot provide an accurate diagnosis [for Danielle Brantley] since we were unable to rule out purposefully over-endorsement of symptoms for secondary gain"[1] and (2) testifying and opining about Danielle's credibility or the psychological impact of her father's death on her emotional and mental health. As set forth in her Motion

[1] *Exhibit A* at OSI Brantley 000176

McDANIEL LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

and Brief in Support thereof, Plaintiff has established that Dr. Souheaver's opinion testimony is inadmissible because (a) it invades the province of the jury, who are the sole judges of a witness's credibility; (b) Dr. Souheaver's observations will not assist the jury in determining whether to award Danielle damages for the mental anguish she has suffered as a result of her father's death; and (c) even if his opinions about Danielle were helpful and relevant (they are not), any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

Dr. Souheaver's testimony is not admissible because he goes beyond reporting "scientific, objective evidence" and introduces his own opinions as to the believability and reliability of Danielle's reports of her symptoms and mental anguish. Such testimony is unreliable, irrelevant and unfairly prejudicial. OSI and Woodall have responded[2] and they have failed to meet their burden of showing that Dr. Souheaver's opinion testimony about Danielle is reliable and relevant. They likewise have failed to refute Plaintiff's argument that any probative value **is substantially outweighed** by the danger of unfairly prejudicing the jury, confusing the issues, and misleading the jury. For these reasons, discussed further below, Defendants' arguments fail to establish that Dr. Souheaver offers admissible expert testimony; therefore, Plaintiff's motion *in limine* should be granted.

*First,* Dr. Souheaver's "science" and opinion testimony impugns Danielle's credibility and suggests secondary gain influences her testimony. Such testimony is routinely held inadmissible. *See, e.g., Glover v. Main Street Wholesale Furniture, LLC,*

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

[2] Doc. 279

2018 Ark. App. 152, 545 S.W.3d 245, 249 (Ark. App. 2018); *Nichols v. American Nat. Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998). Defendants attempt to overcome these cases by arguing that Dr. Souheaver is only saying that Danielle's "test was invalid" and he "offers no opinion as to why Danielle over-endorsed her answers on the Minnesota Multiphasic Personality Inventory-2-Restructured Form ("MMPI-2 RF")" because he only "impugns her answers to the test."[3] Defendants' argument is a misstatement of Dr. Souheaver's report and sworn testimony, which goes beyond simple "reporting" of the test results and includes an assessment that the test results are inconsistent with his own clinical examination and her reported history.[4] Moreover, even though Dr. Souheaver's testimony involves "reporting" the results of Danielle's MMPI-2RF testing, he goes beyond simple reporting and puts "his stamp of believability on [Danielle's] entire story." *U.S. v. Azure,* 801 F.2d 336, 340 (8th Cir. 1986). Dr. Souheaver intends to tell the jury that Danielle's test results do not match her story or his examination to the extent that he cannot make a diagnosis because he cannot rule out over-endorsement for secondary gain. His testimony implies that Danielle is exaggerating her grief so that the jury awards more money for her mental anguish damages. This testimony tells the jury that Danielle is not believable. Dr. Souheaver's opinion testimony is a credibility assessment masquerading as science. It is irrelevant testimony that is highly prejudicial. Consequently, and despite Defendants' contention that Dr. Souheaver is educating the jury about "objective,

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

[3] Doc. 279 at pp. 2-3
[4] *See, e.g., Exhibit A* at *Exhibit A* at OSI Brantley 000176; *Exhibit B* at 44:1-12

scientific testing that shows an over-endorsement of symptoms,"[5] his testimony reflects a different story. Dr. Souheaver, whether explicitly or implicitly, "cannot pass judgment on the alleged victim's truthfulness in the guise of a medical opinion, because it is the jury's function to decide credibility." *U.S. v. Whitted*, 11 F.3d 782, 785-86 (8th Cir. 1993).

*Second*, Dr. Souheaver's testimony does not "embrace an ultimate issue" by pointing out facts that represent inconsistencies in Danielle's self-reporting. He says that her responses to the MMPI-2 RF are invalid to the extent that they raise "significant questions of reliability regarding this young lady's current symptoms."[6] This is the same as telling the jury that Danielle is not believable; it is not pointing out inconsistencies in her testimony or story of how her father's death has impacted her. Experts (even psychologists like Dr. Souheaver) are not permitted to opine upon a witness's credibility – whether explicitly by stating she is "lying" or implicitly by stating her self-reporting is not reliable because she is "over-endorsing for secondary gain."

*Third,* when it comes to Danielle, Dr. Souheaver is not educating the jury about applicable scientific principles regarding the MMPI-2 RF. He is telling them that he cannot make a diagnosis because she over-endorsed or overreported her symptoms for secondary gain. This is not educational. And, to the extent that Dr. Souheaver's testimony about the MMPI-2 RF test itself may perform the function of educating the jury about applicable scientific or other principles relevant to the case, he will be permitted to

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

[5] Doc. 279 at p. 13
[6] *Exhibit A* at OSI Brantley 000176

do so in relation to his testimony about Kimberley. Thus, for purposes of the admissibility of his opinions related to Danielle, educating the jury is irrelevant.

*Fourth,* contrary to Defendants' representations, Dr. Souheaver did not perform a differential diagnosis before concluding that he could not provide an accurate diagnosis for Danielle. Instead, he "interpreted" Danielle's score levels on some (but not all) of the validity scales and substantive scales[7] and determined that he could not rule out "over-endorsement of symptoms for secondary gain." His testimony[8] confirms that Dr. Souheaver has not performed a differential diagnosis. Likewise, his report confirms that his opinion is based on two things – the clinical examination of Danielle and her MMPI-2 RF scores – which he considers to be inconsistent because the latter is the product of over-endorsement for secondary gain. This is not a differential diagnosis whereby he "ruled in" all scientifically plausible causes of Danielle's psychological symptoms and "ruled out" the least plausible causes of injury.[9] Instead, he concludes that he cannot make a diagnosis because she was over-endorsing.

*Fifth,* putting aside Dr. Souheaver's credibility assessment, his explanation of the MMPI-2 RF test results is not admissible because it is unreliable. Dr. Souheaver's conclusion is unreliable because he failed to properly interpret Danielle's test results.[10] For instance, in an effort to take into account overreporting or underreporting, the MMPI-

---

[7] *Exhibit A* at OSI Brantley 000175-000176 ("Test Results"); *Exhibit B* at 109:21-24, 109:24-110:7, 114:4-11 (discussing the MMPI-2 RF validity scale results that he did not consider).

[8] Doc. 259 at p. 3

[9] *See* Doc. 279 at p. 8 (explaining what constitutes a differential diagnosis)

[10] *See Exhibit C* (Excerpts from Ben-Porath, Yossef, Interpreting the MMPI2RF (2012)) at pp. 241-292; *Exhibit D* (Affidavit of Dr. Richard Frederick, PH.D.) at ¶¶26-35, 39-40, 42-43; *see also* Doc. 259 (Plaintiff's Brief in Support) at pp. 6-7, 8-9 (discussing how Dr. Souheaver's opinion fails to satisfy the reliability prong of Rule 702)

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

2 RF includes nine validity scales "to determine whether the substantive test results are interpretable and, if so, whether any interpretive caveats are called for."[11] The nine validity scales are Variable Response Inconsistency (VRIN-r), True Response Inconsistency (TRIN-r), Infrequent Responses (F-r), Infrequent Psychopathology Responses (Fp-r), Infrequent Somatic Responses (Fs), Symptom Validity (FBS-r), Response Bias Scale (RBS), Uncommon Virtues (L-r), and Adjustment Validity (K-r).[12] However, Dr. Souheaver, in reporting Danielle's test results, only lists Danielle's scores for seven of these validity scales – VRIN, TRIN, F, FBS, RBS, L, and K.[13] Dr. Souheaver's failure to report Danielle's scores for the Fp-r and Fs scale renders his opinions of over-exaggeration or over-endorsement unreliable because the purpose of those scales is to determine whether overreporting is occurring. For instance, the Fp-r scale is "particularly helpful in assessing overreporting in settings and populations characterized by high base rates of significant psychological disorders, most notably those marked by psychotic symptoms" and "[s]cores of Fp-r can be particularly helpful when a test taker produces a substantially elevated score on F-r and the interpreter needs to determine whether this indicates overreporting or genuine dysfunction."[14] Similarly, the Fs scale "is designed to identify test takers who overreport somatic symptoms by endorsing a large number of somatic complaints rarely reported by medical patients."[15]

---

[11] *Exhibit C* at p. 241
[12] *Exhibit C* at pp. 242-252
[13] *Exhibit A* at OSI Brantley 000175 (MMPI-2 RF Profile Chart); *Exhibit B* at 100:3-4 (confirming that "[t]he Fp and the Fs scales are omitted); *see also Exhibit B* at 100:6-18 (noting that, in his report, the F scale is the F-r scale and that the '"dash R" is added to the distinguish it foor psychologists from the MMPI-2 version")
[14] *Exhibit C* at p. 246
[15] *Exhibit C* at p. 246

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

Dr. Souheaver's failure to report score results that are clearly part of the recommended framework and sources of information for MMPI-2 RF interpretation[16] is crucial to this court's assessment of the reliability of his opinions. In other words, this is not merely an attack on his conclusions. It is proof that Dr. Souheaver's testimony about Danielle's MMPI-2 RF results is unreliable because he failed to follow the standard procedures for MMPI-2 RF interpretation.[17]

*Sixth,* Arkansas law does not require expert testimony to establish damages for mental anguish in a wrongful death case. There is no requirement that "[a] scientific differential diagnosis must be conducted in order to chin the bar on proximate causation"[18] for mental anguish damages. Rather, "[w]hen mental anguish is claimed as a measure of damages [for wrongful death], mental anguish will include grief normally associated with the loss of a loved one." ARK. CODE ANN. § 16-62-101(f)(2); *see also* AMI 2216 (mental anguish "means the mental suffering resulting from emotions, such as grief and despair, associated with the loss of a loved one"). The Arkansas Supreme Court has explained that the following factors are relevant to damages awarded for mental anguish in wrongful-death cases:

> (1) The duration and intimacy of their relationship and the ties of affection between decedent and survivor.
>
> (2) Frequency of association and communication between an adult decedent and an adult survivor.

---

[16] *Exhibit C* at p. 320

[17] Dr. Souheaver recognized Yossef Ben-Porath's book, Interpreting the MMPI2RF, as a reliable text on the subject. *Exhibit B* at 24:22-25:4, 101:22-102:12

[18] Doc. 279 at p. 3

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

(3) The attitude of the decedent toward the survivor, and of the survivor toward the decedent.

(4) The duration and intensity of the sorrow and grief.

(5) Maturity or immaturity of survivor.

(6) The violence and suddenness of the death.

(7) Sleeplessness or troubled sleep over an extended period.

(8) Obvious extreme or unusually nervous reaction to the death.

(9) Crying spells over an extended period of time.

(10) Adverse effect on survivor's work or school.

(11) Change of personality of the survivor.

(12) Loss of weight by survivor and other physical symptoms.

(13) Age and life expectancy of the decedent.

*Wal-Mart Stores, Inc. v. Tucker*, 353 Ark. 730, 120 S.W.3d 61, 69-70 (2003). The amount of damages growing out of mental anguish is left to the jury to determine. *Id.* Arkansas law permits the jury to assess these mental anguish damages based on the testimony of the aggrieved party and other witnesses with knowledge of the impact the decedent's death had on the aggrieved party. *AMI* 2216; *Wal-Mart Stores*, 353 Ark. 730, 120 S.W.3d 61; *Jefferson Hosp. Ass'n, Inc. v. Garrett,* 304 Ark. 679,804 S.W.2d 711, 713-14 (Ark. 1991); *see also Warhurst v. White*, 310 Ark. 546, 838 S.W.2d 350, 351 (Ark. 1992) (holding that "the poems and epitaph presented by David's estate were admissible and relevant under Ark. R. Evid. Rule 803(3) on the mental anguish issue"). Neither the

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

wrongful death statute nor the applicable Arkansas case law requires expert testimony to establish the mental anguish experienced by a survivor.[19]

*Seventh,* even if Dr. Souheaver had followed standard interpretation protocols or performed a differential diagnosis, any probative value in his opinions is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Dr. Souheaver's non-diagnosis is not relevant to the jury's determination of mental anguish – it only tells the jury that they can't believe Danielle. Such testimony is unfairly prejudicial because it may result in the jury relying on his opinion and surrendering their own common sense in weighing the testimony. *See Azure,* 801 F.2d at 341.

In sum, Dr. Souheaver should not be allowed to offer any testimony regarding Danielle or the results of her MMPI-2 RF testing because he has gone beyond the permissible bounds of expert testimony. Dr. Souheaver does not educate the jury; he tells the jury that Danielle "was over-endorsing if not exaggerating symptoms, making her self-reporting unreliable."[20] He also says that he can't rule out over-endorsement for secondary gain.[21] Dr. Souheaver tells the jury that Danielle is not believable and that her self-reporting is unreliable. Such credibility determinations are for the jury, not Dr. Souheaver. Dr. Souheaver should not be permitted to pass judgment on Danielle's

[19] Plaintiff could not find, and Defendants did not cite, any Arkansas cases requiring a plaintiff to prove her mental anguish with expert testimony or a scientific differential diagnosis.
[20] *Exhibit B* at 41:25-42:2
[21] *Exhibit A* at OSI Brantley 000176

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

credibility under the guise of science. Simply put, Dr. Souheaver's opinions about Danielle are inadmissible. Plaintiff's Motion in Limine should be granted.

Respectfully submitted,

McDANIEL LAW FIRM, PLC
400 S. Main Street
Jonesboro, AR 72401
Tel: (870) 336-4747
Fax: (870) 336-4747
Email: bobby@mcdaniellawyers.com

BY: */s/ Bobby McDaniel*
Bobby McDaniel, AR Bar #72083

**CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served upon all attorneys of record via:

_____CERTIFIED MAIL / RETURN RECEIPT REQUESTED
_____TELEPHONIC DOCUMENT TRANSFER (FAX)
_____FEDERAL EXPRESS / EXPRESS MAIL
_____COURIER / RECEIPTED DELIVERY
_____REGISTERED MAIL / RETURN RECEIPT REQUESTED
_____HAND DELIVER (IN PERSON)
_____REGULAR MAIL
_____EMAIL
_____ SERVED WITH COMPLAINT
__X___ CM/ECF SYSTEM

DATED: April 11, 2019

By: */s/ Bobby McDaniel*
Bobby McDaniel, AR Bar #72083
McDANIEL LAW FIRM, PLC
400 S. Main Street
Jonesboro, AR 72401
Tel: (870) 336-4747

Fax: (870) 336-4747
Email: bobby@mcdaniellawyers.com

Roman T. Galas
Christopher M. Lucca
William C. Kirby
James H. Gordon
ANSA|ASSUNCAO, LLP
Four Penn Center, Suite 900
1600 JFK Blvd.
Philadelphia, PA 19103

Robert A. Cox
Ronna Kinsella
GLASSMAN, WYATT, TUTTLE & COX, PC
26 North Second Street
Memphis, TN 38103
*Attorneys for Defendant UPS Ground Freight, Inc.*

James C. Baker, Jr.
Jamie M. Huffman Jones
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201-3522
*Attorneys for Defendants Robert Woodall and Optimum Logistic Solutions*

Adam E. Miller
MILLER LAW GROUP
1937 E. Atlantic Blvd., Suite 204
Pompano Beach, FL 33060
*Attorney for Bridgefield Employers Insurance Company*